## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01006-STV

GLENN RALEIGH,

   Plaintiff,

v.

JARED POLIS, in his official capacity as Governor of the State of Colorado,

   Defendant.

_____

## ORDER TO SHOW CAUSE
_____

Magistrate Judge Scott T. Varholak

   This civil action is before the Court *sua sponte* upon the Court's review of the docket.  On March 11, 2020, Colorado Governor Jared Polis issued Executive Order D 2020 003 Declaring a Disaster Emergency Due to the Presence of Coronavirus Disease 2019 ("COVID-19") in Colorado.[1]  On March 25, 2020, Governor Polis issued Executive Order D 2020 017 Ordering Coloradans to Stay at Home Due to the Presence of COVID-19 in the State (the "Stay at Home Order").[2]  Pursuant to the Stay at Home Order, effective March 26, 2020 at 6:00 a.m., Governor Polis "direct[ed] all Coloradans to stay at home,

_____

[1]   *Available at* https://www.colorado.gov/governor/sites/default/files/inline-files/D%202020%20003%20Declaring%20a%20Disaster%20Emergency_1.pdf (last accessed May 15, 2020).  The Court may "take judicial notice of an executive order, to the same extent this Court recognizes other legal authorities."  *Skull Valley Band of Goshute Indians v. Cason*, No. 07-CV-0526-DME-DON:, 2009 WL 10689787, at *11 (D. Utah Mar. 2, 2009) (collecting cases).
[2]   *Available at* https://www.colorado.gov/governor/sites/default/files/inline-files/D%202020%20017%20Ordering%20Coloradans%20to%20Stay%20at%20Home_0.pdf (last accessed May 15, 2020).

subject to limited exceptions such as obtaining food and other household necessities, going to and from work at critical businesses, seeking medical care, caring for dependents or pets, or caring for a vulnerable person in another location" and "direct[ed] all businesses other than those qualified as 'Critical Businesses' . . . to close temporarily, except as necessary to engage in minimum basic operations needed to protect assets and maintain personnel functions."  The Stay at Home Order initially was set to remain in effect until April 11, 2020.  On April 6, 2020, Governor Polis issued Executive Order D 2020 024 Amending and Extending the Stay at Home Order, which "amend[ed] and extend[ed] [the Stay at Home Order] to require Coloradans to stay at home until April 26, 2020.[3]

On April 9, 2020, Plaintiff, proceeding pro se,[4] filed the instant lawsuit against Governor Polis challenging the constitutionality of the Stay at Home Order under both the United States Constitution and the Colorado Constitution.  [#1]  Plaintiff contends that, as a result of the Stay at Home Order, he was unable (1) to assemble to protest Governor Polis and the Stay at Home Order [*id.* at ¶ 27]; (2) to obtain chiropractic treatment [*id.* at ¶ 28]; and (3) to buy and sell real property [*id.* at ¶¶ 29-30]  Through the lawsuit, Plaintiff seeks declaratory relief that the Stay at Home Order violates the First and Fourteenth

---

[3]     *Available at* https://www.colorado.gov/governor/sites/default/files/inline-files/D%202020%20024%20Amending%20and%20Extending%20Executive%20Order%20D%202020%20017%20Stay%20at%20Home%20Order_0.pdf (last accessed May 15, 2020).

[4] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Moreover, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)).

Amendments, discriminates against Plaintiff and certain classes of people, and curtails Plaintiff's and the Coloradan citizenry's freedoms without due process and also seeks a preliminary and/or permanent injunction restraining enforcement of the Stay at Home Order.  [*Id.* at 15-16]  Plaintiff did not file an accompanying motion for a temporary restraining order or preliminary injunction.[5]

The Stay at Home Order—as extended by Executive Order D 2020 024—expired on April 26, 2020.  Given that Plaintiff's Complaint seeks only declaratory and injunctive relief with respect to the Stay at Home Order, it appears to the Court that this case may now be moot.  The Court "raise[s] the issue [of mootness] *sua sponte* [b]ecause it involves the court's power to entertain the suit." *United States v. Cotonuts*, 633 F. App'x 501, 510 (10th Cir. 2016) (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011)).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," and "[t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation omitted).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477).  "If an event occurs during the pendency of an action that 'makes it impossible for the court to grant any effectual relief whatever,' the case must be dismissed." *Sandusky v. Herrera*, No. 18-CV-01436-DDD, 2020 WL

---

[5] Pursuant to D.C.COLO.LCivR 65.1(a), "[a] temporary restraining order shall be requested by motion filed separately from the complaint."

2129212, at *3 (D. Colo. May 5, 2020) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 11 (1992)).

Accordingly, **IT IS ORDERED** that Plaintiff shall show cause, in writing, **on or before June 10, 2020**, why this matter should not be dismissed as moot.  Plaintiff is specifically advised that **failure to comply with this Order and timely show cause on or before June 10, 2020 will result in a recommendation that this lawsuit be dismissed**.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

DATED:  May 19, 2020                              BY THE COURT:

                                                 s/Scott T. Varholak
                                                 United States Magistrate Judge